UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
: 
HAMPTONS SEPTIC SERVICES INC., : Civ. Action No: 19-cv-255
:
Plaintiff, :
: **COMPLAINT**
v. :
:
QUACKENBUSH CESSPOOLS, INC., and : Jury Trial Demanded
:
JAMES QUACKENBUSH, :
:
Defendants. :
:
-----------------------------------------------------------------X

Plaintiff Hamptons Septic Services Inc. ("Plaintiff" or "Hamptons Septic"), by and through its undersigned counsel, complains and alleges against Defendants Quackenbush Cesspools, Inc. ("Quackenbush") and James Quackenbush ("Jimmy") (collectively "Defendants") as follows:

## NATURE OF ACTION

1. Hamptons Septic files this action and seeks damages and injunctive relief against Defendants for Federal false designation of origin and unfair competition, New York State Trademark Infringement, unfair competition and trademark infringement under the common law of the state of New York, and trade disparagement under the common law of the state of New York.

## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. This court has personal jurisdiction over Quackenbush because, among other things, Quackenbush is a New York company, and is doing and/or transacting business within the state of New York. This court has personal jurisdiction over Jimmy because Jimmy is a resident of the state of New York.

4. Venue in this district is proper under 28 U.S.C. § 1391 because, among other things, the Defendants reside in this judicial district.

## THE PARTIES

5. Hamptons Septic is a corporation organized and existing under the laws of the state of New York, and maintains an office at 36 Bunker Hill Road, Amagansett, NY 11930.

6. Upon information and belief, Quackenbush is a corporation organized and existing under the laws of the state of New York, having a place of business at 176 Three Mile Harbor Road, East Hampton, NY 11937.

7. Upon information and belief, Jimmy is an owner of Quackenbush, and a resident of the state of New York.

## FACTUAL ALLEGATIONS

8. Hamptons Septic begin operating in 2003, and since that time has grown into a full service waste management company servicing both residential and commercial customers from Riverhead to Montauk. The company currently owns the largest fleet of septic service vehicles in the Hamptons, and has provided quality service 24 hours a day, seven days a week (including holidays) since its beginning.

9. Hamptons Septic has been operating under the name HAMPTONS SEPTIC SERVICES (the "Trademark") since it began operations in 2003. Through its

almost 15 years of offering waste management services to the community, including the prominent appearance of the Trademark on its trucks and vehicles, together with the company's advertising, social media presence and community participation, the name HAMPTONS SEPTIC SERVICES has become well-known as a provider of waste management services, and has developed a considerable amount of goodwill and a favorable reputation in the Trademark.  Sample materials depicting the HAMPTONS SEPTIC SERVICES trademark in usage in the marketplace are attached as Exhibit 1.

10. Hamptons Septic has operated a website at the URL www.hamptonsepticservices.com since about 2003.  The HAMPTONS SEPTIC SERVICES trademark is prominently used on the website in connection with the offering of the mentioned waste management services.  Screenshots from Hamptons Septic's website are attached as Exhibit 2.

11. In addition, Hamptons Septic is the owner of New York State Service Mark Registration S24186 for the trademark HAMPTONS SEPTIC SERVICES as used in connection with residential and commercial septic services - pumping septic systems, cleaning septic systems, repairing septic systems and maintaining septic systems with routine and emergency services.  A copy of the New York State Service Mark Registration Certificate is attached as Exhibit 3.

12. In January of 2017, Hamptons Septic partnered with "The Concerned Citizens of Montauk", a not-for-profit organization based in Montauk, NY focused on preserving the natural resources of Montauk.  Hamptons Septic took on the role of assisting CCOM in educating residential homeowners of the need for septic services to preserve the natural waters of the area.  Hamptons Septic offered homeowners a 15%

discount on all septic services for homes located in Montauk in an effort to help CCOM enroll 150 residential homeowners into the organization – which would then qualify the organization for a New York State grant.  The required numbers of homeowners were enrolled, and the grant was awarded.  The Hamptons Septic promotion would extend throughout the duration of 2017 to qualified members of CCOM.

13. By the spring of 2017, several homeowners had reported to both CCOM officials, and Hamptons Septic, that they had conducted an online search for Hamptons Septic's contact information, but nonetheless had accidently called Quackenbush Cesspool to schedule an appointment for the discounted services.  Although these homeowners eventually realized that they had called the wrong company, they were each offered a 15% discount by the Quackenbush representative (to match the Hamptons Septic discount) even though Quackenbush was not participating in the CCOM program.  The homeowners eventually contacted Hamptons Septic and advised Hamptons Septic of the confusion.

14. Following these reports, Hamptons Septic began to investigate the source of this confusion, and discovered that Defendants were using the trademark HAMPTONS SEPTIC SERVICES in connection with advertisements appearing from Google search results that misleadingly direct consumers to Defendants' website located at the URL www.quackenbushcesspools.com.  A copy of the infringing Quackenbush ad is attached as Exhibit 4.  Obviously, the intention of such an advertisement is to direct consumers to Defendants' website.  On July 21, 2017, Hamptons Septic contacted Quackenbush by email and requested that Quackenbush discontinue any further usage of the HAMPTONS

SEPTIC SERVICES trademark. A copy of the email is attached as Exhibit 5. No response was received from Defendants in connection with the July 21 email.

15. Jimmy had been employed by Hamptons Septic from August 23, 2007 to December 26, 2008, at which time he was terminated for cause without possibility of rehire.

16. Hamptons Septic continued to receive notifications from customers that they had accidently called Quackenbush when they intended to call Hamptons Septic. When these customers requested to speak to a specific person by name, they were simply told by the Quackenbush representative that that person no longer worked there. They were not advised by the Quackenbush representative that they had contacted the wrong company.

17. In December of 2017, Hamptons Septic retained the law firm of Leventhal, Mullaney and Blinkoff, LLP to contact Defendants, and request that Defendants discontinue their infringing use of the HAMPTONS SEPTIC SERVICES trademark. A copy of Mr. Mullaney's letter of December 15, 2017 is attached as Exhibit 6. No response was received from Defendants in connection with the December 15, 2017 letter.

18. Instances of confusion continued to occur in the marketplace. In the spring of 2018, one of Hamptons Septic's commercial customers (a restaurant) experienced an emergency back-up during dinner service, and the onsite Manager could not contact the owner of the restaurant – who was the person who typically called Hamptons Septic for servicing. The on-site manager then conducted an online search for "Hamptons Septic Services" and unknowingly contacted Quackenbush after viewing the

5

infringing Quackenbush ad.  Quackenbush sent a truck to perform the pump out service. The following day the owner of the restaurant owner contacted Hamptons Septic and explained that the onsite manager had mistakenly contacted Quackenbush (rather than Hamptons Septic) for the pump out service.

19.     Hamptons Septic then retained Charles Hoffmann, Esq., an attorney specializing in intellectual property, to contact Defendants, and again request that it discontinue using the HAMPTONS SEPTIC SERVICES trademark.  A copy of Mr. Hoffmann's letter dated May 29, 2018 is attached as Exhibit 7.  No response was received from Defendants in connection with the May 29, 2018 letter.

20.     However, Jimmy, the owner of the defendant company, appeared unannounced at the offices of Hamptons Septic on June 9, 2018, and approached Victor DiPietro, the owner of Hamptons Septic.  Jimmy had previously been warned that he was not allowed to enter the property, office or yard of Hamptons Septic.  Despite his previous warning, Jimmy entered the property and approached Victor, and accused Victor of complaining to the DEC about his company's operations.  Victor advised Jimmy that he had no such conversations with the DEC.  Jimmy then addressed the issue of the website by stating that he was "doing this on purpose to confuse people." Jimmy told Victor that his attorney had advised him that "there was nothing wrong with what he was doing."  Finally, Jimmy told Victor that he had no intention of responding to Mr. Hoffmann's letter.  At this point, Victor asked Jimmy to leave the property, and told Jimmy that any further communication should be directed to Mr. Hoffmann.

21.     Mr. Hoffmann made one final attempt to contact Defendants by letter dated October 9, 2018, copy of which is attached as Exhibit 8.  In this letter, Mr.

Hoffman requested that Defendants supply the name of its attorney so that Mr. Hoffmann could speak directly with him. No response was received from Defendants in connection with the October 9, 2018 letter.

22. Jimmy has and continues to maliciously and purposefully disparage the integrity of Hamptons Septic. Quackenbush was recently fined by the New York State Department of Environmental Conservation (DEC) for the unlicensed transfer of waste materials from collection pump trucks to hauling tractor trailers. Unlike Quackenbush, Hamptons Septic has the necessary DEC transfer license for transferring waste materials from collection vehicles to hauling vehicles. On or about October 17, 2018, Jimmy contacted the landlord of Hamptons Septic (the "Landlord"), and advised the Landlord that the Landlord would be fined because Hamptons Septic was conducting the unlicensed transfer of waste materials on their property. The Landlord advised Jimmy that Hamptons Septic had the required transfer license. Jimmy responded by telling the Landlord that Hamptons Septic's transfer license was "fake". These false statements made by Jimmy to the Landlord were malicious and disparaging, thus directly impugning the integrity and reputation of Hamptons Septic. On information and belief, Jimmy has also made these same false, malicious and disparaging statements regarding the unlicensed transfer of waste materials to existing customers of Hamptons Septic, each time impugning the integrity and reputation of Hamptons Septic.

**FIRST CLAIM FOR RELIEF**
(Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

23. Hamptons Septic hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

24. The HAMPTONS SEPTIC SERVICES Trademark has achieved a high degree of consumer recognition, and serves to identify Hamptons Septic as the source of high-quality waste management services.

25. Defendants' use of the HAMPTONS SEPTIC SERVICES Trademark in connection with advertisements appearing from Google search results that misleadingly direct consumers to Defendants' website located at the URL www.quackenbushcesspools.com is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the services identified on Defendants' website, and is intended, and is likely to cause such parties to believe in error that the Defendants' services have been authorized, sponsored, approved, endorsed or licensed by Hamptons Septic.

26. Defendants' use of the HAMPTONS SEPTIC SERVICES Trademark is willful and deliberate, and is without Hamptons Septic's permission or authority.

27. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, tending to falsely or misleadingly describe or represent Defendants' services as those of Hamptons Septic in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

28. Defendants' acts have damaged and will continue to damage Hamptons Septic, and Hamptons Septic has no adequate remedy at law.

29. In light of the foregoing, Hamptons Septic is entitled to injunctive relief prohibiting Defendants from using the HAMPTONS SEPTIC SERVICES Trademark, or any marks confusingly similar thereto, in its online advertisements generated from search engines or otherwise, and to recover all damages, including attorneys' fees, that Hamptons

Septic has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
(Trademark Infringement of Registered NYS Service Mark)

30. Hamptons Septic hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

31. Hamptons Septic is the owner of New York State Service Mark Registration S24186 for the trademark HAMPTONS SEPTIC SERVICES as used in connection with residential and commercial septic services - pumping septic systems, cleaning septic systems, repairing septic systems and maintaining septic systems with routine and emergency services.

32. Defendants' unauthorized use of the HAMPTONS SEPTIC SERVICES Trademark has caused and is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' services.

33. Defendants' acts are willful and deliberate, and are intended to confuse the public.

34. Defendants' acts constitute trademark infringement under New York law.

35. Defendants' acts have damaged and will continue to damage Hamptons Septic, and Hamptons Septic has no adequate remedy at law.

36. In light of the foregoing, Hamptons Septic is entitled to injunctive relief prohibiting Defendants from using the HAMPTONS SEPTIC SERVICES Trademark, or any marks confusingly similar thereto, in its online advertisements generated from search engines or otherwise, and to recover all damages, including attorneys' fees, that Hamptons

Septic has sustained as a result of Defendants' infringing acts alleged above in an amount not yet known.

## THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition)

37. Hamptons Septic hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

38. Hamptons Septic owns and enjoys common law rights in the HAMPTONS SEPTIC SERVICES Trademark in New York.

39. Defendants' unauthorized use of the HAMPTONS SEPTIC SERVICES Trademark has caused and is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' services.

40. Defendants' acts are willful and deliberate, and are intended to confuse the public.

41. Defendants' acts constitute unfair competition under New York common law.

42. Defendants' acts have damaged and will continue to damage Hamptons Septic, and Hamptons Septic has no adequate remedy at law.

43. In light of the foregoing, Hamptons Septic is entitled to injunctive relief prohibiting Defendants from using the HAMPTONS SEPTIC SERVICES Trademark, or any marks confusingly similar thereto, in its online advertisements generated from search engines or otherwise, and to recover all damages, including attorneys' fees, that Hamptons Septic has sustained as a result of Defendants' infringing acts alleged above in an amount not yet known.

## FOURTH CLAIM FOR RELIEF
(Common Law Trademark Infringement)

44. Hamptons Septic hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

45. Hamptons Septic owns and enjoys common law trademark rights to the HAMPTONS SEPTIC SERVICES Trademark in New York.

46. Defendants' unauthorized use of the HAMPTONS SEPTIC SERVICES Trademark has caused and is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' services.

47. Defendants' acts are willful and deliberate, and are intended to confuse the public.

48. Defendants' acts constitute trademark infringement under New York common law.

49. Defendants' acts have damaged and will continue to damage Hamptons Septic, and Hamptons Septic has no adequate remedy at law.

50. In light of the foregoing, Hamptons Septic is entitled to injunctive relief prohibiting Defendants from using the HAMPTONS SEPTIC SERVICES Trademark, or any marks confusingly similar thereto, in its online advertisements generated from search engines or otherwise, and to recover all damages, including attorneys' fees, that Hamptons Septic has sustained as a result of Defendants' infringing acts alleged above in an amount not yet known.

## **FIFTH CLAIM FOR RELIEF**
(Trade Disparagement)

51. Hamptons Septic hereby incorporates by reference, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

52. Jimmy has orally published false statements to the landlord and customers of Hamptons Septic, namely that Hamptons Septic has and is conducting the unlicensed transfer of waste materials on its property in violation of New York law, thereby impugning the integrity and business reputation of Hamptons Septic.

53. Hamptons Septic is properly licensed for all of its business activities, including the transfer of waste material between collection vehicles and hauling vehicles. The issuance and status of the licenses granted to waste management companies is publicly accessible.

54. Jimmy was aware or should have been aware at the time he published the false statements that Hamptons Septic does in fact possess all necessary New York licenses for its business activities.

55. Jimmy's oral statements were made with malice for the sole purpose of causing injury and financial loss to Hamptons Septic.

56. Jimmy's acts have damaged and will continue to damage Hamptons Septic, and Hamptons Septic has no adequate remedy at law.

57. In light of the foregoing, Hamptons Septic is entitled to injunctive relief prohibiting Defendants from falsely disparaging Hamptons Septic, including without limitation, the publication of false information regarding the licensing status of Hamptons Septic and/or the waste transfer activities being conducted by Hampton Septic, and to

recover all damages, including attorneys' fees, that Hamptons Septic has sustained as a result of Defendants' tortious acts alleged above in an amount not yet known.

## PRAYER FOR RELIEF

1. Granting preliminary and permanent injunctive relief restraining and enjoining Defendants, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a) engaging in any activity constituting unfair competition with Hamptons Septic, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and indicia associated with Hamptons Septic and, specifically, the use of the trademark HAMPTONS SEPTIC SERVICES, or any marks confusingly similar thereto, in connection with advertisements appearing from online search engines which misleadingly direct consumers to Defendants' website, or otherwise;

(b) committing any other act which falsely represents or which has the effect of falsely representing that the services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Hamptons Septic; and

(c) engaging in any activity which falsely disparages Hamptons Septic, including without limitation, the publication of false information regarding the licensing status of Hamptons Septic and/or the waste transfer activities being conducted by Hamptons Septic.

2. Ordering Defendants to file with this Court and serve on Hamptons Septic within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. Ordering an accounting by Defendants of all gains, profits and advantages derived from its wrongful acts;

13

4. Awarding Hamptons Septic all of Defendants' profits and all damages sustained by Hamptons Septic as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

5. Awarding damages in an amount sufficient to repair the injury and harm done to the reputation of Hamptons Septic as a result of Jimmy's oral disparagement; and

6. Such other relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hamptons Septic hereby demands a trial by jury as to all claims in this litigation.

CHARLES R. HOFFMANN P.C.

Dated: January 14, 2019

By: s/ Charles R. Hoffmann
 Charles R. Hoffmann (CRH0466)
 100 Crossways Park West, # 201
 Woodbury, New York 11797
 Telephone: (516) 864-0880
 Facsimile: (516) 422-6199
 crh@charlesrhoffmannpc.com

SCHROEDER LAW PC

By: s/ R. Glenn Schroeder
 R. Glenn Schroeder (RGS2633)
 110 Cooper Street #605
 Babylon, New York 11702
 Telephone: (631) 649-6109
 Facsimile: (631) 649-8126
 gschroeder@schroederlawpc.com

Attorneys for Plaintiff